IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON, and EDWARD DENORMANDIE as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH AND WELFARE FUND, | ) ) ) ) ) ) ) ) |
| and | ) ) |
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER, and MICHAEL I. RICHARDSON as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MDMA, INC., d/b/a FOX LAKE TOYOTA, | ) ) |
| Defendant. | ) |

FILED: AUGUST 6, 2008
08CV4442
JUDGE NORGLE
MAGISTRATE JUDGE ASHMAN

JFB

Case No.

Judge

## COMPLAINT

Plaintiffs Terrence J. Hancock, William Logan, John Lisner, Dale Bolt, Brad Webb, James Buik, Michael I. Richardson, and Edward DeNormandie as Trustees of Local No. 731, International Brotherhood of Teamsters, Garage Attendants, Linen and Laundry Health and Welfare Fund ("Welfare Fund") and Terrence J. Hancock, William Logan, John Lisner, Steve Vogrin, Thomas Yonker, and Michael I. Richardson as Trustees of Local No. 731, International Brotherhood of Teamsters Private Scavengers and Garage Attendants Pension Fund ("Pension

1

Fund"), through their attorneys Dowd, Bloch & Bennett, by way of its complaint against Defendant MDMA, Inc., d/b/a Fox Lake Toyota, state:

### FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

1. The Welfare Fund and Pension Fund (collectively, "Funds") are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant MDMA, Inc., d/b/a Fox Lake Toyota (hereinafter "Defendant Company"), is an Illinois corporation registered to do business in the state. At all relevant times, Defendant Company was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a)

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a) and (c).

4. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No. 731") is a labor organization within the meaning of 29 U.S.C. §185(a). At all relevant times, Defendant Company was a party to successive collective bargaining agreements (collectively, "Agreement"), which obligate Defendant Company to make monthly contributions on behalf of all of its employees covered by the Agreement for health-welfare and pension benefits and to submit monthly remittance reports in which Defendant Company, *inter alia,* identifies the

employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee by the 20th of every month or be subject to 10% late fee, which increases to 20% once a lawsuit is filed, as liquidated damages and assessed interest on any late payment and collection costs, including audit costs, incurred by the Funds in seeking collection of the delinquent contributions.

5. Notwithstanding Defendant Company's obligations under the Agreement, as revealed by a payroll audit for the period January 1, 2006 through March 31, 2007, Defendant Company has failed to report and remit contributions properly to the Funds for all employees covered by the Agreement.

6. Despite demand duly made, Defendant Company has not remitted the delinquent contributions and other sums owed.

7. All conditions precedent to requiring payment of these contribution amounts to the Funds have been met.

8. Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

9. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing documents, Defendant Company is liable to the Funds for contributions, interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20%, audit fees, and reasonable attorneys' fees and court costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against MDMA, Inc., d/b/a Fox Lake Toyota as follows:

1. Finding that MDMA, Inc., d/b/a Fox Lake Toyota violated the Agreement;

2. Finding that MDMA, Inc., d/b/a Fox Lake Toyota is liable to the Funds for all unpaid contributions incurred prior to and after the filing of this suit plus interest, liquidated damages, audit fees, and attorneys' fees and court costs;

3. Ordering MDMA, Inc., d/b/a Fox Lake Toyota to pay to Plaintiffs all contributions, accrued interest, liquidated damages, audit fees, and attorneys' fees, as well as all delinquencies incurred prior to and after the filing of this suit;

4. Ordering MDMA, Inc., d/b/a Fox Lake Toyota to pay to Plaintiffs all court costs and reasonable attorneys' fees incurred for filing this suit; and

5 Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

 s/Steven W. Jados
Steven W. Jados
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois  60603
(312) 372-1361